UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

K.W.,

        Plaintiff,

v.

RINGWOOD BOARD OF EDUCATION
d/b/a Ringwood School District,

        Defendant.

Civil Action No. 24-8293 (JXN) (MAH)

OPINION

---

**HAMMER, United States Magistrate Judge**

    This matter comes before the Court by way of Plaintiff K.W.'s Motion to Strike Defendant Ringwood Board of Education d/b/a Ringwood School District's ("Defendant") Answer to Plaintiff's Complaint. Pl.'s Mot. to Strike Def.'s Answer, Sept. 20, 2024, D.E. 8.[1] Defendant filed a brief in opposition, to which Plaintiff filed a brief in reply. Opp'n, Oct. 7, 2024, D.E. 12; Pl.'s Reply Br., Oct. 28, 2024, D.E. 13. The Court has considered the parties' submissions and decides the motion without oral argument. *See* Fed. R. Civ. P. 78; L. Civ. R. 78.1. For the reasons set forth herein, Plaintiff's motion is denied.

---

[1] The Court notes that K.W. seemingly contends that the Complaint is on behalf of "Plaintiffs"; however, Plaintiff as a *pro se* litigant only has standing to bring claims individually and not on behalf of others. *See Neal v. Volvo Cars of N. Am., LLC*, 794 F.3d 353, 358-59 (3d Cir. 2015) (explaining that Article III standing requires an injury-in-fact, sufficient causal connection between the injury and conduct complained of, and a likelihood the injury will be redressed by a favorable decision); *See Hopson v. McVicar*, No. 17-6037, 2017 WL 4697337, at *3 (D.N.J. Oct. 19, 2017) (dismissing a plaintiff's constitutional violation claims on behalf of a third-party to the lawsuit). The Court will thus only refer to Plaintiff K.W. in this Opinion. To the extent the parties are quoted, the references to "Plaintiffs" are retained.

I. **BACKGROUND**

On August 5, 2024, Plaintiff K.W. filed a Complaint against Defendant "appealing the 7/17/24 New Jersey Office of administrative Law Final Decision entered in her case." Compl., Aug. 5, 2024, D.E. 1, ¶ 1. According to the Complaint, K.W.'s child, M.W., was a disabled minor entitled to receive "free and appropriate public education" in the "Least Restrictive Environment" from Defendant. *Id.* ¶ 14. K.W. alleges that during the COVID-19 Pandemic, Defendant was required to implement an "Individualized Education Program" for M.W. *Id.* ¶ 16. K.W. further alleges that Defendant failed to do so. *Id.* ¶ 19. Thus, K.W. filed a petition to the New Jersey Office of Administrative Law ("OAL"). *Id.* ¶ 23. Defendant filed a "motion for summary decision," which was granted. *Id.* ¶¶ 25-28. Thus, Plaintiff's petition was dismissed. *Id.* ¶ 28. Thereafter, Plaintiff filed the Complaint at issue here.

Defendant answered Plaintiff's Complaint on or about September 4, 2024, and asserted twelve affirmative defenses. Answer, Sept. 4, 2024, D.E. 4. Pertinent here, these affirmative defenses included:

**FIRST SEPARATE DEFENSE**
Plaintiffs' complaint fails to state a claim upon which this Court has subject matter jurisdiction.

**SECOND SEPARATE DEFENSE**
Plaintiffs have failed to file in the proper venue.

**THIRD SEPARATE DEFENSE**
Plaintiffs' complaint fails to state a claim upon which relief can be granted.

**FOURTH SEPARATE DEFENSE**
At all times relevant hereto, Defendant acted in a manner which was proper, reasonable, lawful, and in the exercise of good faith.

**FIFTH SEPARATE DEFENSE**
The Plaintiffs' claims are barred as moot and / or not ripe.

**SIXTH SEPARATE DEFENSE**

> The Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, estoppel, acquiescence, laches and/or unclean hands.
>
> **SEVENTH SEPARATE DEFENSE**
> Petitioners failed to exhaust their administrative remedies.
>
> **EIGHTH SEPARATE DEFENSE**
> Plaintiffs' claims are untimely and are barred, in whole or in part, by the applicable Statute of Limitations.
>
> **NINTH SEPARATE DEFENSE**
> Plaintiffs' claims are brought in bad faith and for the improper purpose of harassment or increasing the cost of litigation.
>
> **TENTH SEPARATE DEFENSE**
> Plaintiffs are not entitled to attorneys' fees.
>
> **ELEVENTH SEPARATE DEFENSE**
> Defendant asserts any and all defenses, limitations and or immunities available to it pursuant to the IDEA and N.J.S.A. 18A:46-1.1, et seq. and its implementing regulations.
>
> **TWELFTH SEPARATE DEFENSE**
> Defendant hereby gives notice that it may rely upon such other defenses that may become available or apparent during the course of discovery and, thus, reserves the right to amend its Answer to assert such defenses.

*Id*. at 5-7.

In response, Plaintiff K.W. filed the instant motion. Mot. to Strike Answer, D.E. 8; Br. in Supp. Mot. to Strike Answer, D.E. 9. Plaintiff contends that Defendant's Answer is deficient under Federal Rule of Civil Procedure 8. Br. in Supp. Mot. to Strike Answer, D.E. 9, at 4-7. Specifically, Plaintiff argues three issues. First, Plaintiff contends that where Defendant responds "conclusions of law to which no response is required" is not acceptable. *Id.* at 5-6. Second, Defendant's answers stating, "no factual allegations against Defendant to which a response is necessary" fails to adequately respond to Plaintiff's Complaint. *Id.* at 6. Finally,

3

Plaintiff alleges that Defendant's First through Eleventh Affirmative Defenses are deficient and only provide bare bone allegations. *Id.* at 7-8.

Defendant opposes and contends that its responses were proper because Plaintiff's allegations were conclusions of law or not directed to Defendant. Def.'s Opp'n, Oct. 7, 2024, D.E. 12, at 3-4. Further, Defendant contends that at this juncture, any adjudication of its affirmative defenses would be premature. *Id.* at 5. In reply, Plaintiff contends that Defendant's Opposition fails to show that it adequately responded to Plaintiff's Complaint. Pl.'s Reply, Oct. 28, 2024, D.E. 13, at 3-4. Further, Plaintiff contends caselaw supports striking Defendant's Answer and affirmative defenses. *Id.* at 3-6.

## II. DISCUSSION

### A. Legal Standard

The Court recognizes that it must liberally construe Plaintiff's submission because Plaintiff is *pro se*. *See Dluhos v. Strasberg*, 321 F.3d 365, 373 (3d Cir. 2003) ("[W]e must liberally construe the *pro se* litigant's pleadings, and we will apply the applicable law, irrespective of whether he has mentioned it by name.").

Federal Rule of Civil Procedure 8 sets forth the general rules of pleading. Fed. R. Civ. P. 8. In response to a claim against it, "a party must . . . admit or deny the allegations asserted against it by an opposing party," or the party must state "that [it] lacks knowledge or information sufficient to form a belief about the truth of an allegation." Fed. R. Civ. P. 8(b). Under Federal Rule of Civil Procedure 12(f), a district court, "on motion by a party[,] . . . may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A court may strike answers where a party "disclaim[s] knowledge or information on matters that is clearly within the control or knowledge of the defendant." *JPMorgan Chase Bank, N.A. v. Candor Constr. Grp., Inc.*, No. 08-3836, 2009 WL 10690533, at *2 (D.N.J. Jan.

4

13, 2009). However, "motions to strike a portion of a pleading are a drastic remedy and have a potential to be used as a dilatory tactic, they are generally viewed with disfavor." *Madjar v. New Jersey Dep't of Corrections*, No. 92-5265, 1993 WL 152066, at *2 (D.N.J. Apr. 5, 1993). In response to these motions, courts have "easily resolved" the issues by allowing defendants to file an amended answer correcting any deficiencies. *See Telford Borough Auth. v. United State Env't Prot. Agency*, No. 12-6548, 2021 WL 4818270, at *2 (E.D. Pa. Oct. 15, 2021) (collecting cases).

### B. Defendant's Responses to Plaintiff's Complaint

Plaintiff contends Defendant's responses are inadequate. The alleged deficiencies fall into two categories, (1) responses to legal conclusions, Defendant's Answer, D.E. 5, ¶¶ 1, 6, 8, 13-21, 24, 27(a), and 27(c)-(e); and (2) responses stating the allegation is not directed to Defendant, Defendant's Answer, D.E. 5, ¶¶ 1, 2, 6, and 25. Plaintiff largely argues that Defendant has failed to adequately address the allegations in those specified paragraphs, despite doing so for other allegations. For example, in Paragraph 5, of the Complaint, Plaintiff alleges "K.W., the mother of M.W. (hereinafter "the Ws"), is the parent and legal guardian of M.W. who resides in Ringwood, Passaic County, New Jersey." Compl., D.E. 1, ¶ 5. Defendant responds, "Paragraph 5 contains no factual allegations against Defendant to which a response is necessary. To the extent an answer is required, admitted." Def's Answer, D.E. 5, ¶ 5. In Paragraph 6 of the Complaint, Plaintiff states:

> Congress has granted and protected K.W.'s independent and enforceable pro se rights that "encompass" her and her child's rights under the IDEA, *Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516, 532-533 (2007), and as such she possesses and is exercising her right to plead and conduct her own case personally. 28 U.S.C. §1654.

Compl., D.E. 1, at ¶ 6. But in response, Defendant states "Paragraph 6 contains no factual allegations against Defendant to which a response is necessary. Further answering, the

allegations contain in Paragraph 6 call for conclusions of law to which no response is required, and Plaintiff is left to its proofs." Def.'s Answer, D.E. 5, ¶ 6.

The requirement of Rule 8(b) that a party respond to an allegation by admitting it, denying it, or stating a lack of knowledge to form a belief about the truth of the allegation applies even when the "party has made 'a sweeping conclusion of law'" or is as true in this case, stating the allegation is not directed to Defendant. *See Kegerise v. Susquehanna Twp. Sch. Dist.*, 321 F.R.D. 121, 124 (M.D. Pa. 2016). While the Court is mindful that Plaintiff's allegations may not be directed at Defendant or state a legal conclusion, Rule 8 still necessitates a response either admitting, denying, or stating a lack of knowledge to the factual allegations contained in the Complaint. *See id.* (stating Rule 8 applies even when an allegation is "purely of law"); *see also Lebster v. Nu–Way Transit, Inc.*, No. 00-7072, 2000 WL 1848989 (N.D. Ill. Dec. 18, 2000) ("No reason appears why [Defendant's] counsel should not respond by admitting any allegation that accurately describes the content of whatever part of a statute is referred to in the Complaint."). Thus, Defendant's responses do not comply with Rule 8.

However, courts generally only strike statements when those statements disclaim knowledge or information on matters that are within the control of knowledge of the defendant. *See JP Morgan Chase Bank, N.A. v. Candor Constr. Grp., Inc.*, No. 08-3836, 2009 WL 10690533, at *2-3 (D.N.J. Jan. 12, 2009); *see also Greenbaum v. United States*, 360 F. Supp. 784, 787-88 (E.D. Pa. 1973) (striking defendant's denials based on insufficient knowledge or information where defendant failed to review relevant records within its control that refuted the allegation). Indeed, the extreme remedy of striking a party's pleadings is generally disfavored so that cases may be adjudicated on their merits, not on minor deficiencies. *See Madjar*, No. 92-

5265, 1993 WL 152066, at *2.  This is especially true here where the deficiencies in Defendant's Answer are minor.

Thus, courts often will permit a party to amend the answer to correct any deficiencies. *See Telford Borough Auth.*, 2021 WL 4818270, at *2; *see also Khal Anshei Tallymawr, Inc. v. Twp. of Toms River*, No. 21-2716, 2024 WL 343156, at *2 (D.N.J. Jan. 30, 2024) (concluding that the defendants' responses stating an ordinance "speaks for itself" to an amended complaint was inadequate but permitted the defendants to amend their answer to correct the deficiency). Much like in *Khal Anshei Tallymawr, Inc.*, denying Plaintiff's motion to strike the sixteen deficient but permitting amendment to the answer should not prejudice either party. *See* 2024 WL 343156, at *2.  Discovery has yet to begin and the deficiencies in Defendant's Answer are minor.

Therefore, Plaintiff's Motion to Strike Paragraphs 1, 2, 6, 8, 13-21, 24, 25, 27(a), and 27(c)-(e) is denied.  However, Defendant shall file an Amended Answer addressing only the paragraphs at issue and respond to the factual allegations of the paragraphs.

### C. Defendant's Affirmative Defenses

Plaintiff further argues that Defendant's Affirmative Defenses One through Eleven should be stricken because there is no legal basis for the asserted affirmative defenses, and they are merely conclusory.  Pl.'s Br., Sept. 21, 2024, D.E. 9, at 7; Pl.'s Reply Br., Oct. 28, 2024, D.E. 13, at 4-5.

While "motions to strike 'serve a useful purpose by eliminating insufficient defenses and saving the time and expense which otherwise be spent in litigating issues which would not affect the outcome of the case.'"  *United States v. Framer*, 757 F.Supp. 397, 410 (D.N.J. 1991) (quoting *United States v. Marisol, Inc.*, 725 F.Supp. 833, 836 (M.D. Pa. 1989)).  However, the

Third Circuit has cautioned against granting "a motion to strike a defense unless the insufficiency of the defense is clearly apparent." *Cipollone v. Liggett Group, Inc.*, 789 F.2d 181, 188 (3d Cir.1986). In evaluating the adequacy of a defense, courts in this District have explained that "[a]n affirmative defense is insufficient if 'it is not recognized as a defense to the cause of action.'" *F.T.C. v. Hope Now Modifications, LLC*, No. 09-1204, 2011 WL 883202, *2 (D.N.J. Mar. 10, 2011) (citing *Tonka Corp. v. Rose Art Indus., Inc.*, 836 F.Supp. 200, 217 (D.N.J.1993)); *see also Signature Bank v. Check-X-Change*, LLC, No. 12-2802, 2013 WL 3286154, at *2 (D.N.J. June 27, 2013).

Courts have also observed that "an affirmative defense can be stricken [on the basis of the pleadings alone] only if the defense asserted could not possibly prevent recovery under any pleaded or inferable set of facts." *Hope Now,* 2011 WL 883202, at *1 (citation omitted). Further, "a motion to strike an affirmative defense will not be granted where its sufficiency depends on disputed issues of fact." *Signature Bank,* 2013 WL 3286154, at *2 (citing *Total Containment, Inc. v. Environ Products, Inc.,* No. 91-7911, 1992 WL 208981, at *1 (E.D.Pa. Aug. 19, 1992)); *see also In re Merck & Co., Inc. Vytorin ERISA Litig.*, No. 08-1974, 2010 WL 2557564, at *2 (D.N.J. June 23, 2010).

Plaintiff contends that all but one of Defendant's affirmative defenses are deficient. However, Plaintiff fails to present a valid argument that these defenses are legally deficient on their face. At issue, Defendants pled: (1) "Plaintiffs' complaint fails to state a claim upon which this Court has subject matter jurisdiction"; (2) "Plaintiffs have failed to file in the proper venue"; (3) "Plaintiffs' complaint fails to state a claim upon which relief can be granted"; (4) "[a]t all times relevant hereto, Defendant acted in a manner which was proper, reasonable, lawful, and in the exercise of good faith"; (5) "Plaintiffs' claims are barred as moot and/or not

8

ripe"; (6 ) "Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, estoppel, acquiescence, laches and/or unclean hands"; (7) Plaintiffs "failed to exhaust their administrative remedies"; (8) "Plaintiffs' claims are untimely and are barred, in whole or in part, by the applicable Statute of Limitations"; (9) "Plaintiffs' claims are brought in bad faith and for the improper purpose of harassment or increasing the cost of litigation"; (10) "Plaintiffs are not entitled to attorneys' fees;" and (11) "Defendant asserts any and all defenses, limitations and or immunities available to it pursuant to the IDEA and N.J.S.A. 18A:46-1.1, et seq. and its implementing regulations." Def.'s Answer, Sept. 4, 2024, D.E. 4, at pgs. 5-7.

Plaintiff does not address any specific affirmative defense, but rather a blanket statement that the affirmative defenses should be stricken because they do not give fair notice of the defense and are legal deficient. Plaintiff does not identify how or why the claims are legally insufficient. Instead, Plaintiff relies upon two cases for the proposition that summary defenses are to be per se stricken. Pl.'s Br. at 7-8 (citing *2109971 Ontario Inc. v. Best Deals Disc. Furniture, LLC*, No. 22-3557, 2023 WL 3072756 (D.N.J. Apr. 25, 2023)); Pl.'s Reply Br., (citing *All. Indus. Ltd. v. A-1 Specialized Servs. & Supplies, Inc.*, No. 13-2510, 2014 WL 4548474 (E.D. Pa. Sep. 11, 2014)). Plaintiff's reliance upon these cases is misplaced.

First, in *2109971 Ontario Incorporated*, the defendants pled forty affirmative defenses. 2023 WL 3072756, at *1. Many of which included were "rote recitations." *Id.* at *5. For example, the defendant only wrote "Twenty-Eighth Affirmative Defense: laches" and "Nineteenth Affirmative Defense: fraud." *Id.* The Court thus concluded that these affirmative defenses had no connection to any facts of the case or provided any notice to the plaintiff to adequately respond. *Id.* at *6.

9

Similarly, in *Alliance Industries Limited*, the plaintiff challenged four affirmative defenses. Three of which, the defendant only pled one-word affirmative defenses. 2014 WL 4548474, at *2. For example, the defendant only wrote the name of the affirmative defense, "15 substantial performance[;] . . . 16 laches." *Id.* at *1. The Court concluded that the Defendant merely "recite[d] the names of various defenses without articulating any of the legal elements to support them." *Id.* at *3. The Court thus struck the three affirmative defenses. However, the fourth affirmative defense stated, "Plaintiffs' claims are barred, in whole or in part, by representations made in sworn statements and/or pleadings in filed other actions." *Id.* at *1. The Court found that this affirmative defense provided the plaintiff adequate notice because it provided more than a mere recital of a possible defense and that the defense may be developed through factual discovery. *Id.* at *3.

While Defendant does not plead every single fact that could support the affirmative defense, Defendant provides enough information to give adequate notice to Plaintiff of each affirmative defense. For example, for the eleventh affirmative defense, Defendant states, "Defendant asserts any and all defenses, limitations and or immunities available to it pursuant to the IDEA and N.J.S.A. 18A:46-1.1, et seq. and its implementing regulations." Answer, D.E. 4, at 7. The affirmative defense, as pled, clearly sets forth the legal basis for Defendant's defense. Defendant need not expand upon every possible theory to support this affirmative defense at this time. Indeed, Defendant's affirmative defenses provide notice of defenses that may be developed through factual discovery. *See All. Indus. Ltd*, 2014 WL 4548474, at *3.

Moreover, substantial issues of fact and law are better considered after the opportunity for discovery. *See In re Merck & Co., Inc. Vytorin ERISA Lit.*, No. 08-285, 2010 WL 2557564, at *3 (D.N.J. June 23, 2010) ("Even when the defense presents a purely legal question, the

10

courts are very reluctant to determine disputed or substantial issues of law on a motion to strike; these questions quite properly are viewed as determinable only after discovery and a hearing on the merits."). To invoke such an extreme remedy would be premature. The Court thus finds insufficient support to strike any of the affirmative defenses at this juncture.

### IV. CONCLUSION

In sum, the Court will deny Plaintiff's motion to strike Defendant's Answer and Affirmative Defenses. However, the Court will order Defendant to amend its answer to provide factual responses for the challenged paragraphs: 1, 2, 6, 8, 13-21, 24, 25, 27(a), and 27(c)-(e).

*s/ Michael A. Hammer*
**United States Magistrate Judge**

Dated: November 14, 2024.