JESSIKA KLEEN, ESQ – BAR ID# 013282011
PO Box 16
Newton, New Jersey 07860
Tel: 973-570-7740
Email: jkleen@kleenedlaw.com
Attorney for Defendant

| | |
|---|---|
| K.W., individually and on behalf of M.W., a minor child,<br><br>                                    Plaintiffs,<br>v.<br>RINGWOOD BOARD OF EDUCATION d/b/a RINGWOOD SCHOOL DISTRICT,<br><br>                                    Defendant. | UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY NEWARK VICINAGE<br><br>Case 2:24-cv-08293-JXN-MAH<br><br>**REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

1

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT.................................................................................. 4

I.    THE BOARD WAS ENTITLED TO FILE A CROSS-MOTION FOR
      SUMMARY JUDGMENT…………………………………………… 4

      a.    Nothing in the IDEA, FRCP or Local Rules Prohibits a Prevailing Party
            From Seeking Summary Judgment in a Federal Appeal………………….4

      b.    Same-Day Filing Was Proper and Consistent With This Court's Order…5

      c.    Filing the Administrative Record Was Court-Directed…………………..5

II .  COVID-ERA REQUIREMENTS DO NOT NULLIFY THE PRIOR
      OAL WAIVER OR RESURRECT BARRED FAPE CLAIMS……………. 5

III.  REEVALUATIONS ARE NOT THE ISSUE—BUT PLAINTIFFS'
      REFUSAL FORECLOSED RELIEF………………………………...… 6

IV.   ALLEGED STAY-PUT IMPLEMENTATION ISSUES ARE LEGALLY
      IMMATERIAL………………………………………………………6

V.    SUMMARY DECISION WAS PROPER BECAUSE THE DISPOSITIVE
      ISSUE WAS PURELY LEGAL………………………………………… 7

      CONCLUSION……………………………………………………………8

## TABLE OF AUTHORITIES

**CASES**

*M.C. ex rel. J.C. v. Cent. Reg'l Sch. Dist.,* 81 F.3d 389, 395- (3d Cir. 1996)………5

*Ferren C. v. Sch. Dist. of Phila.*, 612 F.3d 712, 717–18 (3d Cir. 2010)……………5

*Ringwood Bd. of Educ. v. K.W. and G.W.*, OAL No. EDS 02167-20, 2021 N.J. AGEN LEXIS 865, at *9 (Sept. 24, 2021)…………………………………………… 5

*C.H. v. Cape Henlopen Sch. Dist.*, 606 F.3d 59, 68–70 (3d Cir. 2010)…………… 6

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986)…………………………… 7

*Brill v. Guardian Life Ins. Co.*, 142 N.J. 520, 540 (1995)…………………………7

**STATUTES**

20 U.S.C. § 1415(i)(2)(A)………………………………………………………..4

N.J.S.A. 18A:46-1.3…………………………………………………………...5

N.J.S.A. 18A:46-1.3(a)………………………………………………………... 6

**OTHER AUTHORITIES**

New Jersey Department of Education guidance regarding compensatory education for students with disabilities because of the COVID-19 pandemic

https://www.nj.gov/education/broadcasts/2021/mar/GuidanceforDetermining CompensatoryEducationforStudentswithDisabilities .............................................. 4,5,6,8

**REPLY BRIEF IN FURTHER SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON THE ADMINISTRATIVE RECORD**

**PRELIMINARY STATEMENT**

Plaintiffs' Opposition does not meaningfully engage with the dispositive legal basis of the ALJ's decision in the underlying matter. Instead, Plaintiffs rely on procedural arguments that misstate the IDEA, mischaracterize the COVID compensatory education statute, and ignore the binding effect of the 2021 OAL waiver Order. None of Plaintiffs' arguments alter the controlling fact that they were barred, as a matter of law, from asserting a denial-of-FAPE claim during the relevant period, and compensatory education is unavailable absent such a finding.

The ALJ below properly resolved this matter on summary decision because the case turned on a threshold legal issue, not disputed facts.

**I.  THE BOARD WAS ENTITLED TO FILE A CROSS-MOTION FOR SUMMARY JUDGMENT**

**A. Nothing in the IDEA, FRCP or Local Rules Prohibits a Prevailing Party From Seeking Summary Judgment in a Federal Appeal**

Plaintiffs' claim that the Board "lacked standing" to file a motion for summary judgment because it did not initiate the appeal finds no support in the IDEA, the Federal Rules of Civil Procedure, or IDEA jurisprudence. While 20 U.S.C. § 1415(i)(2)(A) governs who may *bring* a civil action, once an IDEA appeal is properly before the Court, all parties may seek dispositive relief under Rule 56. Federal courts routinely entertain cross-motions for judgment on the administrative record in IDEA cases, including by prevailing parties. Plaintiffs cite no authority holding that a respondent in an IDEA appeal is barred from filing a summary judgment motion. Their argument improperly conflates appellate standing with motion practice in an already-pending federal action.

## II.  COVID-ERA REQUIREMENTS DO NOT NULLIFY THE PRIOR OAL WAIVER OR RESURRECT BARRED FAPE CLAIMS

Plaintiffs' core argument rests on the mistaken premise that N.J.S.A. 18A:46-1.3 created a standalone right to compensatory education independent of a denial of FAPE.  It did not.

Compensatory education is a remedial measure, not an independent cause of action.  It is available only upon a finding that a student was denied a free appropriate public education. *M.C. ex rel. J.C. v. Cent. Reg'l Sch. Dist.,* 81 F.3d 389, 395- (3d Cir. 1996)*; Ferren C. v. Sch. Dist. of Phila.*, 612 F.3d 712, 717–18 (3d Cir. 2010).  Here, the 2021 OAL decision expressly held that:

> "As long as respondents/parents continue to withhold consent to allow the District to perform its evaluations on M.W., the parents … will have waived their rights to challenge the District's placement and programming for M.W., or otherwise allege that the District's placement and programming … failed to provide a FAPE."
> *Ringwood Bd. of Educ. v. K.W. and G.W.*, OAL No. EDS 02167-20, 2021 N.J. AGEN LEXIS 865, at *9 (Sept. 24, 2021).

That waiver remains operative. COVID-era statutes did not displace the IDEA's foundational requirement that a parent have a legally viable FAPE claim before seeking compensatory relief.

N.J.S.A. 18A:46-1.3(a) itself requires an IEP team to determine whether the student was denied FAPE, and only *if so*, the nature and amount of compensatory education.  The statute does not revive barred claims, excuse parental nonparticipation, or override final administrative orders.

## III. REEVALUATIONS ARE NOT THE ISSUE—BUT PLAINTIFFS' REFUSAL FORECLOSED RELIEF

Plaintiffs attempt to conflate COVID compensatory review with reevaluation obligations. The Board has never argued that COVID required reevaluation.  That point is irrelevant.

What matters is that Plaintiffs' refusal to permit evaluations triggered a binding waiver of their right to allege denial of FAPE.  Courts have consistently held that parents may not manufacture IDEA violations through obstruction and then seek relief for the consequences of that obstruction. *C.H. v. Cape Henlopen Sch. Dist.*, 606 F.3d 59, 68–70 (3d Cir. 2010).

COVID did not suspend parental cooperation requirements or nullify waiver orders based on refusal to participate in the IDEA process.

## IV. ALLEGED STAY-PUT IMPLEMENTATION ISSUES ARE LEGALLY IMMATERIAL

Plaintiffs' assertions regarding stay-put implementation during COVID do not preclude summary decision.  Even assuming *arguendo* that implementation issues existed, compensatory education would still require a showing of substantive educational harm amounting to a denial of FAPE. *Id.*

Because Plaintiffs were barred from asserting denial-of-FAPE claims, alleged implementation defects cannot support relief.  Disputes that cannot affect the outcome are not "material" under Rule 56. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Brill v. Guardian Life Ins. Co.*, 142 N.J. 520, 540 (1995).

## V. SUMMARY DECISION WAS PROPER BECAUSE THE DISPOSITIVE ISSUE WAS PURELY LEGAL

The ALJ did not resolve factual disputes or weigh evidence.  The ALJ resolved a threshold legal issue: whether Plaintiffs' claims were barred by a prior final administrative order.  They were.

Courts routinely uphold dismissal of IDEA claims without evidentiary hearings where claims are barred by waiver or prior adjudication.  The IDEA does not require evidentiary hearings on legally foreclosed claims.

**CONCLUSION**

Plaintiffs cannot evade the binding effect of a prior waiver order by relabeling barred FAPE claims as "COVID-era" compensatory education disputes.  The IDEA, the COVID compensatory statute, and controlling case law all require a viable denial-of-FAPE claim as a predicate to relief.  Plaintiffs lacked one.

Because the ALJ correctly resolved this matter on a threshold legal ground, summary decision was proper.  The Court should affirm the ALJ's Final Decision and grant Defendant's Motion for Summary Judgment on the Administrative Record.

JESSIKA KLEEN, ESQ – BAR ID# 013282011
PO Box 16
Newton, New Jersey 07860
Tel: 973-570-7740
Email: jkleen@kleenedlaw.com
Attorney for Defendant