JAMIE EPSTEIN, ESQ. – BAR ID: 008081990
17 Fleetwood Drive, Hamilton, New Jersey 08690
Telephone: 856-979-9925
Email: JE@JamieEpsteinLaw.com
COUNSEL FOR PLAINTIFFS

| | |
|---|---|
| K.W. and M.W.<br><br>                                 Plaintiffs,<br><br>v.<br><br>LAKELAND REGIONAL BOARD OF EDUCATION,<br>                                 Defendant. | UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY NEWARK VICINAGE<br><br>Case: 2:24-cv-08293-MAH<br><br>NOTICE OF MOTION |

PLEASE TAKE NOTICE that on 6/1/26, or as soon as Counsel may be heard, the undersigned attorney for Plaintiffs will move for the entry of the attached Order for the reasons stated in the attached pleadings.

Respectfully Submitted,

Jamie Epstein, Esq.
COUNSEL FOR PLAINTIFFS
dated: 4/28/26

Oral argument is not request.

JAMIE EPSTEIN, ESQ. – BAR ID: 008081990
17 Fleetwood Drive, Hamilton, New Jersey 08690
Telephone: 856-979-9925
Email: JE@JamieEpsteinLaw.com
COUNSEL FOR PLAINTIFFS

| | |
|---|---|
| K.W. and M.W.<br><br>                              Plaintiffs,<br><br>v.<br><br>LAKELAND REGIONAL BOARD OF EDUCATION,<br><br>                              Defendant. | UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY NEWARK VICINAGE<br><br>Case: 2:24-cv-08293-MAH<br><br>[PROPOSED] ORDER |

THIS MATTER having been opened before the Court by way of Notice of Motion filed by Jamie Epstein, Esq., for Plaintiffs K.W. and M.W. and the Court having considered the papers filed by the parties and for the reasons set forth on the record, and for good cause shown:

1.    Jamie Epstein, Esq., is hereby relieved as attorney of record for Plaintiffs.

2.    Plaintiffs shall proceed pro se unless and until substitute counsel files an appearance.

3.    All future papers shall be served directly upon KW and MW at their last known address unless and until substitute counsel appears.

4.    A copy of this Order shall be served upon all parties within ___ days.


_____
The Honorable James B. Clark III
United States Magistrate Judge

_____ OPPOSED

_____ UNOPPOSED

JAMIE EPSTEIN, ESQ. – BAR ID: 008081990
17 Fleetwood Drive, Hamilton, New Jersey 08690
Telephone: 856-979-9925
Email: JE@JamieEpsteinLaw.com
COUNSEL FOR PLAINTIFFS

| | |
|---|---|
| K.W. and M.W.<br><br>                              Plaintiffs,<br><br>v.<br><br>LAKELAND REGIONAL BOARD OF EDUCATION,<br><br>                              Defendant. | UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY NEWARK VICINAGE<br><br>Case: 2:24-cv-08293-MAH<br><br>CERTIFICATION |

I, JAMIE EPSTEIN, ESQ., of full age, hereby certify as follows:

1. I am counsel of record for Plaintiffs in the above-captioned matter.

2. I submit this Certification in support of my motion for leave to withdraw as counsel pursuant to Local Civil Rule 102.1.

3. Professional considerations have arisen which render continued representation impracticable and inconsistent with my obligations under the Rules of Professional Conduct.

4. The circumstances of this matter have materially changed such that my continued representation would be materially limited by apparent conflicts and would impair my ability to exercise independent professional judgment.

5. These issues include, among other things, developments that create a divergence of interests and raise concerns under RPC 1.7 and RPC 1.16.

6. Consistent with my obligations under RPC 1.6, I am constrained from disclosing further factual detail regarding the basis for withdrawal.

7. The conflicts that have arisen have reached the point where effective representation is no longer possible.

8. Plaintiffs has been advised of my intention to seek leave of Court to withdraw as counsel.

9. Plaintiffs has been advised of the right to retain substitute counsel and of the obligation to comply with all Court orders and deadlines.

10. I have taken reasonable steps to avoid foreseeable prejudice to Plaintiffs, including providing notice of this application and advising that substitute counsel should be obtained promptly.

11. No trial date has been set. The summary judgment motions, oppositions and replies have been filed. This application is not made for purposes of delay.

12. Upon information and belief, withdrawal will not unduly prejudice any party.

13. Upon entry of an Order permitting withdrawal, I will promptly serve same upon Plaintiffs and all counsel of record.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.

Jamie Epstein, Esq.
COUNSEL FOR PLAINTIFFS
dated: 4/28/26

JAMIE EPSTEIN, ESQ. – BAR ID: 008081990
17 Fleetwood Drive, Hamilton, New Jersey 08690
Telephone: 856-979-9925
Email: JE@JamieEpsteinLaw.com
COUNSEL FOR PLAINTIFFS

| | |
|---|---|
| K.W. and M.W.<br><br>                         Plaintiffs,<br><br>v.<br><br>LAKELAND REGIONAL BOARD OF<br>EDUCATION,<br>                         Defendant. | UNITED STATES DISTRICT COURT<br>FOR THE DISTRICT OF NEW JERSEY<br>NEWARK VICINAGE<br><br>Case: 2:24-cv-08293-MAH<br><br>BRIEF |

PRELIMINARY STATEMENT

The undersigned respectfully seeks leave to withdraw as counsel of record for Plaintiffs K.W. and M.W. pursuant to Local Civil Rule 102.1 and the Rules of Professional Conduct. Professional considerations have arisen which render continued representation impracticable and inconsistent with counsel's ethical obligations.

Consistent with RPC 1.6, this application sets forth only those facts necessary to permit the Court to rule, while preserving attorney-client privilege and work product protections. The basis for this application is more fully set forth in the accompanying Certification.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

The relevant facts are set forth in the accompanying Certification and are incorporated herein as if fully set forth.

## ARGUMENT

Withdrawal of counsel in this Court is governed by Local Civil Rule 102.1, which requires leave of Court upon notice to the client. While the decision is committed to the Court's discretion, that discretion must be exercised in a manner consistent with counsel's ethical obligations under the Rules of Professional Conduct.

The Rules make clear that withdrawal is appropriate where professional considerations render continued representation impracticable or where continued representation would be unreasonably difficult or ethically constrained. See RPC 1.16(b). Withdrawal is also warranted where circumstances create conflicts or apparent conflicts that materially limit counsel's ability to exercise independent professional judgment. See RPC 1.7.

As reflected in the Certification, the circumstances of this matter have materially changed such that continued representation would be materially limited by the appearance of conflicts of interest. Even where a conflict is not definitively established, the appearance of a conflict—particularly where it impacts counsel's

ability to exercise independent professional judgment—may render continued representation improper.

Under these circumstances, counsel cannot continue to represent Plaintiffs in a manner consistent with the duties of loyalty, independence, and professional judgment required under the Rules of Professional Conduct. These constraints are not speculative; they are presently operative and directly affect counsel's ability to provide effective representation.

At the same time, counsel is constrained from providing further detail regarding the basis for withdrawal due to the obligations imposed by RPC 1.6. Courts recognize that counsel may properly rely on representations of ethical constraints without requiring disclosure of privileged communications or work product.

The relevant factors support withdrawal. Plaintiffs have been provided notice of this application and advised of the need to obtain substitute counsel. No trial date has been set, and while summary judgment motions are scheduled, the matter remains in a posture where substitution can occur without undue disruption. This application is not made for purposes of delay.

Counsel has taken reasonable steps to mitigate any potential prejudice, including advising Plaintiffs of their obligations to comply with all Court orders

and deadlines. Pending disposition of this motion, counsel's role is necessarily limited to taking such minimal steps as may be required to avoid immediate and material prejudice.

Under these circumstances, continued representation would place counsel in a position of ongoing ethical risk and would be inconsistent with the Rules of Professional Conduct. Withdrawal is therefore appropriate.

## CONCLUSION

For all of the foregoing reasons, the Court should grant the motion and enter an Order permitting the undersigned to withdraw as counsel of record for Plaintiffs.

Respectfully Submitted,

Jamie Epstein, Esq.
COUNSEL FOR PLAINTIFFS
dated: 4/28/26

Oral argument is not request.