**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

K.W.,

        **Plaintiff,**

    v.

**RINGWOOD BOARD OF EDUCATION**
**d/b/a RINGWOOD SCHOOL DISTRICT,**

      **Defendant.**

**Civil Action No. 24-8293 (MAH)**

**MEMORANDUM ORDER**

**HAMMER, United States Magistrate Judge.**

Plaintiff K.W. is the parent of M.W., who requires special education services. Pursuant to 20 U.S.C. § 1415(i)(2), Plaintiff appeals a July 17, 2024 state administrative decision which summarily dismissed her due process petition challenging Defendant Ringwood Board of Education's determination regarding compensatory educational and related services. Compl., Aug. 5, 2024, D.E. 1. The parties cross-moved for summary judgment. Pl.'s Mot. for Summ. J., Mar. 13, 2026, D.E. 97; Def.'s Mot. for Summ. J., Mar. 13, 2026, D.E. 99.

The Court has reviewed the parties' briefs in connection with the cross-motions for summary judgment. Plaintiff's brief in support of her summary judgment motion, D.E. 97, and Plaintiff's response to Defendant's summary judgment motion, D.E. 100, contain several quotations, citations, and cases that the Court cannot locate after careful and extensive review. Additionally, Plaintiff directly quotes certain cases, but the Court cannot find those quotations. Plaintiff also asserts that cited authorities stand for propositions that they clearly do not. Examples from Plaintiff's moving brief, D.E. 97, include the following:

- Plaintiff quotes *Ridley Sch. Dist. v. M.R.*, 680 F.3d 260, 268 (3d Cir. 2012) as stating "give 'due weight' and deference to the findings in the administrative proceedings." D.E. 97, at 11. The Court partially finds this quotation in the quoted authority, but the actual quote is "give 'due weight' to the findings of the state hearing officer."

- Plaintiff quotes *M.R. v. Ridely Sch. Dist.*, 744 F.3d 112, 119 (3d Cir. 2014) as stating "do not evaporate because one party believes the other is acting unreasonably." D.E. 97, at 22. The Court cannot find this quotation within the quoted authority.

- Plaintiff quotes *Lauren W. v. DeFlaminis*, 480 F.3d 259, 272-73 (3d Cir. 2007), as stating (1) "The question before us is whether the District denied Lauren a FAPE by relying on existing evaluative data when her parents refused to consent to further testing[;]" and (2) "When parents refuse to consent to a reevaluation, the school district is not required to conduct new testing and may rely on the information already available to it." D.E. 97, at 22. The Court cannot find either quotation within the quoted authority.

- Plaintiff cites to *M.D. v. Colonial Sch. Dist.*, 539 F. Supp. 3d 380, 388-90 (E.D. Pa. 2021) for the proposition that another case, "*C.H.*," is "non-applicable where the educational deprivation resulted from the district's conduct rather than parental obstruction." D.E. 97, at 23. *M.D.* does not discuss *C.H.* on pages 388-90—the discussion of *C.H.* begins on page 393.

- Plaintiff cites to *K.D. v. Downington Area Sch. Dist.*, 904 F.3d 248, 254 n.3 (3d Cir. 2018) in a footnote. D.E. 97, at 15 n.1. The parenthetical after the case citation reads: "The court acknowledged guidance from the U.S. Department of Education regarding IDEA constitutes persuasive authority but did not treat it as binding. The Third Circuit requires its courts to consider DOE policy letters, evaluate them under *Skidmore*, and

explain their reasoning.  Courts cannot arbitrarily ignore them, but they are equally forbidden from giving them automatic or binding deference.  *Chao v. Community Trust Co.*, 474 F.3d 75, 85 (3d Cir. 2007) (citing *Skidmore v. Swift & Co.*, 323 U.S. 134, 140 (1944)[.]"

However:

- o There are no footnotes in *K.D.*

- o In *K.D.*, the Third Circuit held that the DOE guidance letter was unpersuasive. 904 F.3d at 256.

- o It does appear from *K.D.* that courts should evaluate whether DOE guidance letters are persuasive under *Skidmore*.

But it is entirely unclear why *Chao* is referenced as citing *Skidmore*.  There are no citations to *Skidmore* within *Chao*, which relied on the now-defunct *Chevron* doctrine rather than *Skidmore*.

In addition to the above, Plaintiff's brief cites to a case that the Court cannot find at all.

- Plaintiff cites to *J.T. v. Depew Union Free School District*, 63 F.4th 94, 104-05 (2d Cir. 2020).  D.E. 97, at 21.  The reporter number cited by Plaintiff for *J.T.* (63 F.4th 94) provides no results when searched on Westlaw.  Moreover, the Court cannot otherwise locate the case by its name.

Examples from Plaintiff's opposition to Defendant's motion to summary judgment, D.E. 100, include the following:

- Plaintiff quotes *S.H. v. State-Operated Sch. Dist. of Newark*, 336 F.3d 260, 270 (3d Cir. 2003), as stating that a district court reviewing IDEA administrative decisions, "sits as an

appellate tribunal in reviewing the administrative record." D.E. 100, at 6-7. The Court cannot find this quotation within the quoted authority.

- Plaintiff quotes *M.H. v. New York City Dep't of Educ.*, 712 F. Supp. 2d 125, 128 (S.D.N.Y. 2010) as stating that "the party challenging the administrative decision bears the burden of persuasion and files first." D.E. 100, at 7. The Court cannot find this quotation within the cited authority.

In addition to the above, Plaintiff cites to cases that exist, but not under the purported case number or court reporter designation.

- Plaintiff quotes *D.A. v. Pleasantville Sch. Dist.*, 2014 U.S. Dist. LEXIS 109431, at *2-3 (D.N.J. Aug. 7, 2014) as containing the language "as the aggrieved parties." D.E. 100, at 7.
    - o The case number cited by Plaintiff (2014 U.S. Dist. LEXIS 1094341) leads to an entirely different case, *Randell v. Clayton County Jail*, 2014 U.S. Dist. LEXIS 109431 (N.D. Ga. 2014).
    - o The Court's independent research revealed a case with the same name: *D.A. v. Pleasantville Sch. Dist.*, No. 38, 39, 2009 WL 972605 (D.N.J. Apr. 6, 2009).
        - ▪ That case does not contain the quoted language.
- Plaintiff cites to *J.L. v. Mercer Island Sch. Dist.*, 592 F. App'x 574, 575 (9th Cir. 2015) for the proposition and as stating that "[c]ourts have further rejected attempts by prevailing school districts to seek affirmative relief absent an appeal, recognizing that a party who prevailed below 'may defend the judgment but not seek affirmative relief absent cross-appeal.'" D.E. 100, at 7.

4

- o The court reporter designation cited by Plaintiff (592 F. App'x 574) leads to an entirely different case, *Harrison v. Sedlezky*, 592 F. App'x 574 (9th Cir. 2015), which is a 42 U.S.C. § 1983 excessive force appeal.

- o The Court's independent research revealed a Ninth Circuit opinion with the same name: *J.L. v. Mercer Island Sch. Dist.*, 592 F.3d 938 (9th Cir. 2010).

    - Although that case arose under the IDEA, it does not support Plaintiff's proposition. The quoted language is not found in the text, and that case did not involve cross-summary judgment motions.

- Plaintiff cites to *Capistrano Unified Sch. Dist. v. Wartenberg*, 59 F. Supp. 3d 1026, 1031 (C.D. Cal. 2014) for the same proposition as *J.L.* D.E. 100, at 7.

    - o The court reporter designation cited by Plaintiff (59 F. Supp. 3d 1026) leads to an entirely different case: *Peace v. Parascript Mgmt., Inc.*, 59 F. Supp. 1020 (D. Co. 2014), a summary judgment opinion regarding breach of contract claims.

    - o The Court's independent research revealed a Ninth Circuit opinion with the same name, *Capistrano Unified Sch. Dist. v. Wartenberg*, 59 F.3d 884 (9th Cir. 1995).

        - That case also arose under the IDEA. Unlike *J.L.*, it involved cross-summary judgment motions.

        - But the quoted language does not appear in that case and the holding does not otherwise support Plaintiff's proposition.

The Court is mindful that the parties desire that the cross-summary judgment motions "be adjudicated without further delay." Letter, Mar. 12, 2026, D.E. 98. But before the Court addresses the merits of the cross-summary judgment motions and Plaintiff's counsel's pending

motion to withdraw as counsel, D.E. 105, the Court will order Plaintiff's counsel to explain these discrepancies.  Accordingly,

IT IS, on this 15th day of May 2026, for the foregoing reasons, ORDERED that Plaintiff shall file on the docket, within fourteen (14) days of this Order, the following:

1.  For quotations included in Plaintiff's brief in support of summary judgment, D.E. 97, and Plaintiff's opposition to Defendant's motion for summary judgment, D.E. 100: Plaintiff's counsel shall provide the Court with a PDF electronic copy of quoted case and highlight where the quotation is located within the cited authority;

2.  For cases that Plaintiff cites to but does not quote:  Plaintiff's counsel shall provide the Court with a PDF electronic copy of every case cited, and in those copies, highlight the sentences within the opinion that support the proposition for which Plaintiff cites the cases;

3.  Furthermore, while assembling the above information, for any cases or quotations that Plaintiff's counsel cannot provide, counsel shall indicate so in a letter to the Court and explain where counsel originally found the quotations and cases used; and

4.  Plaintiff's counsel shall disclose in a letter to the Court whether he used generative artificial intelligence in drafting his filings, and if so, to what extent.

_s/ Michael A. Hammer_____
Hon. Michael A. Hammer,
United States Magistrate Judge

Dated: May 15, 2026

6