**JAMIE EPSTEIN**
*ATTORNEY AT LAW*
17 Fleetwood Drive, Hamilton, NJ. 08690*

Tel: (856) 979-9925             Web:JamieEpsteinLaw.com             E-MAIL: JE@JamieEpsteinLaw.com

DATE:      6/1/29
TO:        Hon. Michael A. Hammer, United States Magistrate Judge

FROM:      Jamie Epstein, Esq.
CC:        Jessika Kleen, Esq
RE:        K.W. v. RINGWOOD BOARD OF EDUCATION 2:24-cv-08293-MAH

### Preliminary Statement Regarding Pending Motion to Withdraw and Counsel's Ethical Obligations

As an initial administrative matter, counsel notes that on May 29, 2026, a formal request for clarification was transmitted to the Court regarding counsel's ongoing obligations in light of the pending, unopposed motion to be relieved as counsel (D.E. 105) and the conflict-of-interest mandates under RPC 1.7 and RPC 1.16(a)(1). A true and correct copy of that correspondence (**Exhibit B)** is attached hereto and made a part hereof as if stated fully herein. Because the Court did not respond to counsel's request for clarification, and because the explicit compliance deadline set forth in the Court's May 15, 2026 Order (D.E. 106) remains operative, counsel submits this response under the compulsion of the existing scheduling order and pursuant to counsel's ethical duties under RPC 1.16(c).

### Court Directive 1: Explanation of Discrepancies in Quotations

Pursuant to Paragraph 1 of the Court's May 15, 2026 Order, counsel has conducted an

---

* Central New Jersey Office and mailing address

1

exhaustive, line-by-line review of every direct quotation challenged by the Court in the moving brief (D.E. 97) and the opposition brief (D.E. 100).[1] The precise page locations and analytical explanations for these discrepancies are fully set forth in the accompanying 17-page audit schedule attached hereto as **Exhibit A**.

Regarding the specific quotations identified in the Court's Order, the attached audit details where clerical transpositions or drafting syntheses occurred. For the quotation attributed to *Ridley School District v. M.R.* at page 11 of D.E. 97, the audit clarifies that while the exact phrase "give 'due weight' and deference to the findings in the administrative proceedings" does not appear verbatim in *Ridley*, substantially identical language does appear in *D.S. v. Bayonne Board of Education*, which counsel inadvertently misattributed during compilation. For the remaining punctuated quotations flagged by the Court—specifically the stay-put phrasing attributed to *M.R. v. Ridley* at page 22 of D.E. 97, the parental consent language attributed to *Lauren W. v. DeFlaminis* at page 22 of D.E. 97, the appellate tribunal characterization attributed to *S.H. v. State-Operated School District of Newark* at pages 6 through 7 of D.E. 100, and the filing

1 In doing so, Plaintiffs' counsel reviewed the BOEs concurrent MJAR filing [99] to ascertain whether it suffered from similar discrepancies as counsel's own filings. Plaintiffs notes that Defendant's filings appear to suffer from some of the similar systemic citation and authority infirmities as do Plaintiffs. Most notably, at page 9, Defendant relies upon a superseded statutory standard under *Board of Education v. Rowley*. At page 10, Defendant cites to and quotes from, *Victoria v. Board of Education of Woodbridge*, 1982 S.L.D. 1, 5, which does not appear to exist in any public legal database or indexing reporter. In the interest of judicial economy and absolute clarity before the Court adjudicates the pending cross-motions for summary judgment Plaintiff respectfully brings said discrepancies of Defendant to the Court's attention

order phrasing attributed to *M.H. v. New York City Department of Education* at page 7 of D.E. 100—counsel's audit acknowledges that these segments were improperly stylized with quotation marks. As detailed in **Exhibit A**, these sentences actually constituted counsel's own analytical synthesis and legal interpretation of the underlying statutory protections and governing standards of review rather than verbatim text extracted directly from the opinions.

### Court Directive 2: Citing Authorities Without Quotations

Pursuant to Paragraph 2 of the Court's May 15, 2026 Order, counsel has systematically verified every legal authority cited within the summary judgment filings that did not include a direct quotation. The precise legal propositions, their structural contexts, and the individual page locations for these citations across both D.E. 97 and D.E. 100 are comprehensively itemized and addressed within the attached 17-page audit under **Exhibit A**.

### Court Directive 3: Missing, Miscited, and Unsubstantiated Authorities

Pursuant to Paragraph 3 of the Court's May 15, 2026 Order, counsel addresses the remaining specific citation discrepancies, non-existent footnotes, and mismatched reporter numbers identified by the Court. The exhaustive historical origin and technical explanation for each individual item are fully detailed on a case-by-case basis in **Exhibit A**, and counsel provides the following narrative summary regarding the primary structural errors.

Regarding the footnote citation to *K.D. v. Downingtown Area School District* at page 15 of D.E. 97, counsel's audit acknowledges that the text of *K.D.* contains no footnotes and that the accompanying parenthetical over-inclusive language extended beyond the precise text of the opinion. As clarified in **Exhibit A**, this footnote mistakenly blended distinct administrative law tenets from *K.D.*, *Chao v. Community Trust Co.*, and *Skidmore v. Swift & Co.*, representing an analytical synthesis of administrative deference principles that counsel failed to independently separate and verify before filing.

Regarding the authorities that exist but were appended to incorrect court reporter or LexisNexis designations, counsel's audit confirms a series of clerical data-entry mismatches. Specifically, the citation for *D.A. v. Pleasantville School District* at page 7 of D.E. 100 incorrectly included a Lexis number belonging to an unrelated matter out of the Northern District of Georgia, while the correct, valid New Jersey District Court opinion is identified and properly analyzed in **Exhibit A**. Similarly, the reporter designations for *J.L. v. Mercer Island School District* and *Capistrano Unified School District v. Wartenberg* at page 7 of D.E. 100 were inadvertently swapped with reporter volumes belonging to an excessive force appeal and a Colorado breach of contract action, respectively. The audit schedule under **Exhibit A** correctly identifies the true Individuals with Disabilities Education Act opinions issued under those case names and details the extent to which counsel's original briefs characterized those cross-appeal and summary judgment principles more broadly than the explicit holdings textually state.

4

Finally, regarding *J.T. v. Depew Union Free School District*, cited at page 21 of D.E. 97 with a non-existent reporter number, counsel's investigation confirms that this citation is entirely erroneous and resulted from a structural conflation of multiple Second Circuit special education opinions and an independent regional school district matter. Because counsel cannot independently substantiate that the specific proposition cited appears in a reported opinion under that case name, counsel hereby formally withdraws reliance upon *J.T. v. Depew* in its current form, as reflected in **Exhibit A**. As disclosed under Directive 4, the unarchived nature of counsel's digital workspace prevents an empirical reconstruction of whether these composite citation errors originated within an automated AI interface or occurred during manual document compilation. Counsel submits the entirety of **Exhibit A** as a complete rectification of the record.

**Court Directive 4: Disclosure Regarding Generative Artificial Intelligence**

Pursuant to Paragraph 4 of the Court's May 15, 2026 Order, counsel provides the following disclosure regarding the preparation of the summary judgment filings and the utilization of generative artificial intelligence ("AI") tools.

Regarding the procedural context, the documents under review represent the refiling and finalization of briefs previously submitted to the Court. Specifically, the Motion for Summary Judgment (D.E. 97) filed on March 13, 2026, was originally drafted and filed almost five months ago on January 2, 2026, as D.E. 70. Similarly, the Opposition Brief (D.E. 100) filed on March 13, 2026, was originally drafted and filed almost five months

ago on January 20, 2026, as D.E. 78.[2]

In the regular course of document preparation, various digital writing tools, databases, and administrative software are utilized to compile initial research and formatting frameworks. However, due to counsel's strict operational data-privacy configurations, historical AI chat logs, search queries, and temporary drafting inputs are systematically cleared and are not retained or saved within firm applications or on firm computers. Because no digital archive or metadata logs exist from the original compilation periods in January 2026, there is no empirical means to verify whether the specific citation errors, non-existent footnotes, or scrambled reporter numbers identified by the Court originated within an automated software interface or resulted from manual transposition errors during subsequent file assembly.

Regardless of the technical origin or the administrative mechanics behind each individual discrepancy, counsel acknowledges without qualification that the signing attorney is ultimately and solely responsible for the accuracy, verification, and integrity of every statement, citation, and argument filed under their signature. Counsel deeply regrets that these citation and formatting errors were not detected and corrected during final review prior to docketing. The comprehensive, 17-page audit attached hereto as represents counsel's exhaustive, personal effort to review the entire record, correct each technical deficiency, and ensure absolute compliance with the Court's high standards.

---

2   The refilings were as a result of the Court's denial of the parties' joint request to file the administrative record under seal resulting in Plaintiffs manual redaction of 100s of PII occurrences so the administrative record could be filed unsealed.