AUDIT OF AUTHORITIES CITED IN [97] & [100]

[97] ANALYSIS/STATEMENT

1. M.R. v. Ridley Sch. Dist., 744 F.3d 112 (3d Cir. 2014) / Honig v. Doe, 484 U.S. 305 (1988)

At page Pb4 of Plaintiff's Brief in Support of Summary Judgment, counsel stated: "As a result, Ringwood remained obligated to fully implement M.W.'s last agreed-upon IEP regardless of any disputes, including parental refusal to consent to reevaluations." Upon review, the cited authorities support the general IDEA "stay-put" proposition that a school district must maintain a student's operative educational placement during the pendency of IDEA disputes. See M.R. v. Ridley Sch. Dist., 744 F.3d 112, 125-27 (3d Cir. 2014) (discussing the IDEA's "stay-put" protections and continuation of placement during proceedings) ; Honig v. Doe, 484 U.S. 305, 323-27 (1988) (same) . However, counsel acknowledges that the cited authorities do not expressly discuss parental refusal to consent to reevaluations in the specific manner phrased in the brief. The sentence constituted counsel's synthesis of the cited authorities and underlying IDEA stay-put principles rather than a direct statement appearing in either opinion.

2. Ridley Sch. Dist. v. M.R., 680 F.3d 260 (3d Cir. 2012)

At Pb10, counsel cited Ridley Sch. Dist. v. M.R., 680 F.3d 260 (3d Cir. 2012), for the proposition that the IDEA requires school districts to provide a free appropriate public education ("FAPE"). Upon review, the authority substantially supports the proposition cited. Counsel has confirmed that the authority itself is correctly cited and exists as represented.

3. Ridley Sch. Dist. v. M.R., 680 F.3d 260 (3d Cir. 2012) / D.S. v. Bayonne Bd. of Educ., 602 F.3d 553 (3d Cir. 2010)

At Pb10, counsel stated that reviewing courts must "give 'due weight' and deference to the findings in the administrative proceedings," citing Ridley Sch. Dist. v. M.R., 680 F.3d 260, 268 (3d Cir. 2012). Upon review, counsel acknowledges that the quoted language does not appear verbatim in Ridley. However, substantially similar language does appear in D.S. v. Bayonne Bd. of Educ., 602 F.3d 553, 564 (3d Cir. 2010), which states that district courts reviewing IDEA administrative decisions "must give 'due weight' and deference to the findings in the administrative proceedings." Counsel inadvertently attributed the quoted language to Ridley during drafting and failed to independently verify the quotation before filing.

4. D.S. v. Bayonne Bd. of Educ., 602 F.3d 553 (3d Cir. 2010)

At Pb10, counsel cited D.S. v. Bayonne Bd. of Educ., 602 F.3d 553 (3d Cir. 2010), regarding the IDEA "modified de novo" standard of review. Upon review, the authority

1

substantially supports the proposition cited. D.S. expressly describes IDEA judicial review as a "modified de novo" standard requiring due weight to administrative findings. Counsel has confirmed the cited authority exists and generally supports the proposition for which it was cited.

5. B.S.M. v. Upper Darby Sch. Dist., 103 F.4th 956 (3d Cir. 2024)

At Pb10-Pb11, counsel cited B.S.M. v. Upper Darby Sch. Dist., 103 F.4th 956 (3d Cir. 2024), concerning appellate review standards, including review for clear error and fresh review of legal conclusions. Upon review, the authority substantially supports the propositions cited. The opinion states that appellate courts review factual findings for clear error while reviewing legal conclusions under a fresh or plenary standard. Counsel has confirmed the authority exists and generally supports the propositions cited in the brief.

6. Shore Reg'l High Sch. Bd. of Educ. v. P.S., 381 F.3d 194 (3d Cir. 2004)

At Pb11, counsel cited Shore Reg'l High Sch. Bd. of Educ. v. P.S., 381 F.3d 194 (3d Cir. 2004), concerning deference to administrative credibility determinations and the principle that non-testimonial evidence may justify a contrary conclusion. Upon review, the cited authority substantially supports the proposition cited. In addition, D.S. v. Bayonne Bd. of Educ. similarly states that district courts reviewing IDEA administrative decisions "must accept the state agency's credibility determinations unless the non-testimonial, extrinsic evidence in the record would justify a contrary conclusion." Counsel acknowledges that certain phrasing in the brief may have synthesized related IDEA deference principles from multiple authorities rather than directly quoting the cited case verbatim.

7. Carlisle Area Sch. v. Scott P., 62 F.3d 520 (3d Cir. 1995)

At Pb11, counsel cited Carlisle Area Sch. v. Scott P., 62 F.3d 520, 528 (3d Cir. 1995), concerning IDEA judicial review and deference to administrative proceedings. Upon review, the authority substantially supports the cited proposition that reviewing courts must afford "due weight" to administrative proceedings while retaining discretion regarding factual findings. Counsel has confirmed the authority exists and generally supports the IDEA review principles for which it was cited.

8. 20 U.S.C. § 1415(i)(2)(A)

At Pb11, counsel cited 20 U.S.C. § 1415(i)(2)(A) for the proposition that a party aggrieved by an IDEA administrative decision may bring a civil action in state or federal court. Upon review, the statutory provision expressly provides that "[a]ny party aggrieved by the findings and decision" may bring a civil action in either state court or federal district court. Counsel has confirmed the statutory citation accurately supports the proposition cited in the brief.

9. Schaffer v. Weast, 546 U.S. 49 (2005)

At Pb11-Pb12, counsel cited Schaffer v. Weast, 546 U.S. 49, 62 (2005), concerning the burden of persuasion in IDEA due process proceedings. Upon review, the authority substantially supports the cited proposition that the burden of persuasion ordinarily rests upon the party seeking relief in an IDEA administrative proceeding. Counsel has confirmed the authority exists and generally supports the proposition cited in the brief.

10. Director, OWCP v. Greenwich Collieries, 512 U.S. 267 (1994)

At Pb11-Pb12, counsel cited Director, OWCP v. Greenwich Collieries, 512 U.S. 267, 272 (1994), regarding the distinction between the burden of persuasion and burden of production. Upon review, the authority substantially supports the proposition cited. Greenwich Collieries explains that the ordinary meaning of "burden of proof" refers to the burden of persuasion and distinguishes that concept from the burden of production. Counsel has confirmed the authority exists and generally supports the proposition cited in the brief.

11. Estate of Narleski v. Gomes, 244 N.J. 199 (2020)

At Pb12, counsel cited Estate of Narleski v. Gomes, 244 N.J. 199, 205 (2020), regarding the summary judgment standard requiring courts to view evidence in the light most favorable to the non-moving party. Upon review, the authority substantially supports the proposition cited. Narleski states that, on summary judgment review, courts must view the evidence and reasonable inferences in the light most favorable to the non-moving party. Counsel has confirmed the authority exists and generally supports the proposition cited in the brief.

12. W.J.A. v. D.A., 210 N.J. 229 (2012)

At Pb12, counsel cited W.J.A. v. D.A., 210 N.J. 229, 237-38 (2012), regarding summary judgment review and the principle that appellate courts owe no deference to legal conclusions. Upon review, the authority substantially supports the propositions cited. W.J.A. explains that appellate courts employ the same standard governing summary judgment review as trial courts and that legal conclusions and applications of law receive no deference on appeal. Counsel has confirmed the authority exists and generally supports the propositions cited in the brief.

13. Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520 (1995)

At Pb12-Pb13, counsel cited Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995), regarding the New Jersey summary judgment standard. Upon review, the authority substantially supports the proposition cited. Brill explains that summary judgment must be denied where a rational factfinder could resolve the disputed issue in favor of the non-moving party, and that courts must view the evidence in the light most

3

favorable to the non-moving party. Counsel has confirmed the authority exists and generally supports the proposition cited in the brief.

14. Royster v. N.J. State Police, 227 N.J. 482 (2017)

At Pb13, counsel cited Royster v. N.J. State Police, 227 N.J. 482, 493 (2017), for the proposition that questions of law are reviewed de novo and legal conclusions are not entitled to special deference. Upon review, the authority substantially supports the proposition cited. Royster expressly states that interpretation of the law and legal consequences flowing from established facts are reviewed de novo. Counsel has confirmed the authority exists and generally supports the proposition cited in the brief.

15. Holmes ex rel. Holmes v. Millcreek Twp. Sch. Dist., 205 F.3d 583 (3d Cir. 2000)

At Pb13-Pb14, counsel cited Holmes ex rel. Holmes v. Millcreek Twp. Sch. Dist., 205 F.3d 583, 591 (3d Cir. 2000), regarding reimbursement for independent educational evaluations and prevailing-party standards under IDEA. Upon review, the authority substantially supports the proposition cited. Holmes discusses reimbursement standards where parents challenge the appropriateness of a district evaluation and explains prevailing-party attorney fee principles under IDEA proceedings. Counsel has confirmed the authority exists and generally supports the proposition cited in the brief.

16. Winkelman v. Parma City Sch. Dist., 550 U.S. 516 (2007)

At Pb14, counsel cited Winkelman v. Parma City Sch. Dist., 550 U.S. 516, 529-31 (2007), concerning parents' independent enforceable rights under IDEA. Upon review, the authority substantially supports the proposition cited. Winkelman holds that IDEA accords parents independent, enforceable rights relating to their child's education and procedural safeguards. Counsel has confirmed the authority exists and generally supports the proposition cited in the brief.

17. J.M. v. Summit City Bd. of Educ., 39 F.4th 126 (3d Cir. 2022)

At Pb14-Pb15, counsel cited J.M. v. Summit City Bd. of Educ., 39 F.4th 126, 141-42 (3d Cir. 2022), regarding IDEA child-find obligations and modified de novo review. Upon review, the authority substantially supports the propositions cited. J.M. explains the school district's child-find duties, the relationship between child-find violations and denial-of-FAPE claims, and the modified de novo standard applied to administrative IDEA determinations. Counsel has confirmed the authority exists and generally supports the propositions cited in the brief.

18. H.E. v. Walter D. Palmer Leadership Learning Partners Charter Sch., 873 F.3d 406 (3d Cir. 2017)

At Pb15, counsel cited H.E. v. Walter D. Palmer Leadership Learning Partners Charter Sch., 873 F.3d 406, 409-12 (3d Cir. 2017), concerning prevailing-party status under

4

IDEA based upon procedural victories. Upon review, the authority substantially supports the proposition cited. H.E. holds that vindicating procedural rights under IDEA may confer prevailing-party status for purposes of attorney's fees. Counsel has confirmed the authority exists and generally supports the proposition cited in the brief.

19. Y.B. v. Howell Twp. Bd. of Educ., 4 F.4th 196 (3d Cir. 2021)

At Pb15, counsel cited Y.B. v. Howell Twp. Bd. of Educ., 4 F.4th 196, 199-201 (3d Cir. 2021), regarding IDEA procedural safeguards, due process rights, and stay-put protections. Upon review, the authority substantially supports the propositions cited. Y.B. discusses IDEA procedural safeguards, including parents' rights to file complaints, pursue mediation, request impartial due process hearings, and seek judicial review. Counsel has confirmed the authority exists and generally supports the propositions cited in the brief.

19.A.  D.E. v. Cent. Dauphin Sch. Dist., 765 F.3d 260 (3d Cir. 2014)

At Pb14, counsel cited D.E. v. Cent. Dauphin Sch. Dist., 765 F.3d 260, 274 (3d Cir. 2014), regarding IDEA procedural safeguards and due process rights. Upon review, the authority substantially supports the proposition that IDEA provides procedural safeguards, including the right to challenge IDEA violations through administrative procedures and judicial review. Counsel has confirmed the authority exists and generally supports the proposition cited in the brief.

20. Drinker by Drinker v. Colonial Sch. Dist., 78 F.3d 859 (3d Cir. 1996)

At Pb15, counsel cited Drinker by Drinker v. Colonial Sch. Dist., 78 F.3d 859, 864-65 (3d Cir. 1996), concerning IDEA due process hearing rights and the stay-put provision. Upon review, the authority substantially supports the proposition cited. Drinker explains that IDEA grants parents the right to an impartial due process hearing and judicial review concerning disputes relating to identification, evaluation, placement, and FAPE. Counsel has confirmed the authority exists and generally supports the proposition cited in the brief.

21. K.D. v. Downingtown Area Sch. Dist., 904 F.3d 248 (3d Cir. 2018)

At Pb15-Pb16 n.1, counsel cited K.D. v. Downingtown Area Sch. Dist., 904 F.3d 248, 254 n.3 (3d Cir. 2018), concerning the consideration of agency guidance materials in IDEA litigation. Upon review, the authority exists and generally discusses the persuasive value of agency guidance materials in the IDEA context, including reference to Endrew F. and administrative guidance. Counsel acknowledges, however, that portions of the accompanying explanatory parenthetical in the brief extended beyond the precise language used by the court in K.D.

5

22. Chao v. Community Trust Co., 474 F.3d 75 (3d Cir. 2007)

At Pb15-Pb16 n.1, counsel cited Chao v. Community Trust Co., 474 F.3d 75, 84-85 (3d Cir. 2007), concerning judicial consideration of agency interpretations and deference principles. Upon review, the authority exists and discusses circumstances in which agency interpretations may be persuasive depending upon the governing statutory and regulatory framework. Counsel acknowledges that portions of the explanatory parenthetical in the brief reflected counsel's synthesis of administrative-law deference principles rather than language expressly stated in Chao itself.

23. K.D. v. Downingtown Area Sch. Dist., 904 F.3d 248 (3d Cir. 2018); Chao v. Community Trust Co., 474 F.3d 75 (3d Cir. 2007); Skidmore v. Swift & Co., 323 U.S. 134 (1944)

At Pb15 n.1, counsel cited K.D. v. Downingtown Area Sch. Dist., 904 F.3d 248, 254 n.3 (3d Cir. 2018), Chao v. Community Trust Co., 474 F.3d 75, 85 (3d Cir. 2007), and Skidmore v. Swift & Co., 323 U.S. 134, 140 (1944), regarding the persuasive value of agency guidance materials. Upon review, counsel acknowledges that the explanatory parenthetical in the footnote overstated the holdings of the cited authorities. K.D. states that guidance letters do not receive Chevron deference. Chao discusses circumstances in which agency interpretations may be persuasive rather than controlling depending upon the governing delegation of authority. Skidmore explains that agency interpretations may constitute a body of informed judgment entitled to respect to the extent they possess persuasive power. Counsel acknowledges that portions of the footnote reflected counsel's synthesis of administrative-law deference principles rather than direct holdings expressly stated in the cited authorities, and counsel failed to independently verify the explanatory parenthetical language before filing.

24. OSEP Policy Letter 22-04 / 34 C.F.R. §§ 300.507–300.508

At Pb16-Pb17, counsel cited OSEP Policy Letter 22-04 and 34 C.F.R. §§ 300.507–300.508 regarding IDEA due process complaint procedures and hearing rights. Upon review, the cited regulations accurately concern the filing and sufficiency of due process complaints. The OSEP Letter also discusses sufficiency determinations and hearing procedures under the IDEA. However, counsel acknowledges that portions of the brief's discussion synthesized broader conclusions regarding summary dismissal practice and hearing officer authority that are not expressly stated in the cited regulations or OSEP guidance. Counsel further acknowledges that the cited OSEP guidance expressly states it is informal guidance without the force and effect of law.

25. 20 U.S.C. § 1415(f)(1)(A); 20 U.S.C. § 1415(h)

At Pb16, counsel cited 20 U.S.C. § 1415(f)(1)(A) and § 1415(h) regarding the right to an impartial due process hearing and procedural hearing rights under IDEA. Upon review,

the statutory provisions substantially support the proposition that parties are entitled to an impartial due process hearing and procedural safeguards, including the opportunity to present evidence and confront witnesses. Counsel acknowledges, however, that the brief's assertion that summary disposition is categorically impermissible absent consent or a sufficiency challenge reflected counsel's interpretation and synthesis of IDEA procedural protections rather than language expressly stated in the statute itself.

26. Winkelman v. Parma City Sch. Dist., 550 U.S. 516 (2007); J.M. v. Summit City Bd. of Educ., 39 F.4th 126 (3d Cir. 2022)

At Pb16-Pb17, counsel cited Winkelman v. Parma City Sch. Dist., 550 U.S. 516, 525 (2007), and J.M. v. Summit City Bd. of Educ., 39 F.4th 126, 139 (3d Cir. 2022), regarding IDEA procedural rights and due process hearing protections. Upon review, the cited authorities substantially support the proposition that IDEA provides procedural safeguards and enforceable hearing rights to parents and students. Counsel acknowledges, however, that portions of the brief synthesized broader procedural conclusions from the cited authorities rather than quoting language expressly appearing in the opinions.

27. Mary Courtney T. v. Sch. Dist. of Phila., 575 F.3d 235 (3d Cir. 2009)

At Pb18-Pb19, counsel cited Mary Courtney T. v. Sch. Dist. of Phila., 575 F.3d 235, 249 (3d Cir. 2009), regarding compensatory education and FAPE standards. Upon review, the authority substantially supports the proposition that compensatory education may be awarded where a student was denied a FAPE and that compensatory relief is tied to the period of deprivation. Counsel has confirmed the authority exists and generally supports the propositions cited in the brief.

28. Ferren C. v. Sch. Dist. of Phila., 612 F.3d 712 (3d Cir. 2010)

At Pb18, counsel cited Ferren C. v. Sch. Dist. of Phila., 612 F.3d 712, 717-18 (3d Cir. 2010), regarding equitable compensatory education relief under IDEA. Upon review, the authority substantially supports the proposition that compensatory education is an equitable remedy intended to place a student in the position he or she would have occupied absent the IDEA violation. Counsel has confirmed the authority exists and generally supports the proposition cited in the brief.

29. C.H. v. Cape Henlopen Sch. Dist., 606 F.3d 59 (3d Cir. 2010)

At Pb18 and Pb23, counsel cited C.H. v. Cape Henlopen Sch. Dist., 606 F.3d 59, 68-69 (3d Cir. 2010), regarding procedural IDEA violations, compensatory relief, parental conduct, and equitable reimbursement considerations. Upon review, the authority substantially supports the proposition that procedural IDEA violations do not automatically constitute denial of FAPE absent substantive harm and that parental conduct may be relevant to equitable reimbursement analysis. Counsel acknowledges,

7

however, that portions of the brief may have characterized C.H. more broadly than the opinion itself expressly states regarding parental obstruction and compensatory relief.

30. D.S. v. Bayonne Bd. of Educ., 602 F.3d 553 (3d Cir. 2010)

At Pb19-Pb20, counsel cited D.S. v. Bayonne Bd. of Educ., 602 F.3d 553 (3d Cir. 2010), regarding the modified de novo standard of review, deference to administrative findings, and IDEA substantive educational benefit standards. Upon review, the authority substantially supports the propositions that district courts apply modified de novo review, must give due weight to administrative findings, and that IDEA requires meaningful educational benefit rather than trivial advancement. Counsel has confirmed the authority exists and generally supports the cited propositions.

31. Bennett v. Kentucky Dep't of Educ., 470 U.S. 656 (1985)

At Pb20, counsel cited Bennett v. Kentucky Dep't of Educ., 470 U.S. 656 (1985), regarding Spending Clause principles and conditions attached to federal educational funding. Upon review, the authority substantially supports the proposition that states accepting federal education funds are bound by the statutory and regulatory conditions attached to those funds. Counsel acknowledges, however, that portions of the brief extended the Spending Clause analysis beyond the precise factual context of Bennett, which involved misuse of federal Title I funds rather than IDEA procedural hearing rights.

32. Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy, 548 U.S. 291 (2006)

At Pb20-Pb21, counsel cited Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy, 548 U.S. 291 (2006), regarding Spending Clause notice principles applicable to IDEA funding statutes. Upon review, the authority substantially supports the proposition that conditions imposed pursuant to Spending Clause legislation must provide clear notice to funding recipients. Counsel acknowledges, however, that Arlington specifically concerned expert-fee reimbursement under IDEA and did not directly address summary dismissal or administrative hearing procedures.

32.a. G.L. v. Ligonier Valley Sch. Dist. Auth., 802 F.3d 601, 625–27 (3d Cir. 2015)

At Pb21, counsel cited G.L. v. Ligonier Valley Sch. Dist. Auth., 802 F.3d 601, 625–27 (3d Cir. 2015), regarding the Third Circuit's compensatory-education framework and the requirement that courts examine the full period of educational deprivation and missed services in determining appropriate relief. Upon review, the authority exists and substantially supports the proposition that timely-filed IDEA claims permit compensatory relief for the entire period of deprivation, rather than only a limited subset of missed services occurring within a truncated timeframe.

33. Lauren W. v. DeFlaminis, 480 F.3d 259 (3d Cir. 2007)

8

At Pb21-Pb22, counsel cited Lauren W. v. DeFlaminis, 480 F.3d 259 (3d Cir. 2007), regarding IDEA-related rights, compensatory education, retaliation standards, and procedural protections. Upon review, the authority substantially supports several general IDEA propositions contained in the brief, including FAPE standards and compensatory education principles. Counsel acknowledges, however, that portions of the brief referenced Lauren W. for broader procedural propositions that are not expressly stated in the opinion.

34. J.T. v. Depew Union Free Sch. Dist., 63 F.4th 94 (2d Cir. 2022)

At Pb21, counsel cited J.T. v. Depew Union Free School District, 63 F.4th 94, 104–05 (2d Cir. 2022), for the proposition that COVID-19 disruptions do not categorically excuse a school district's obligation to provide FAPE and that individualized compensatory relief may still be required. Counsel has now confirmed that the authority appears problematic and may have been miscited or inaccurately described. Presently, counsel has not independently verified that the cited proposition appears at the referenced pages or that the case supports the proposition as stated. Accordingly, counsel withdraws reliance on this authority pending further verification and acknowledges the citation should be treated as unsubstantiated in its current form.[1]

35. Doe v. East Lyme Bd. of Educ., 962 F.3d 649 (2d Cir. 2020)

At Pb22-Pb23, counsel cited Doe v. East Lyme Bd. of Educ., 962 F.3d 649 (2d Cir. 2020), regarding stay-put protections, compensatory education, and equitable relief under IDEA. Upon review, the authority substantially supports the propositions that stay-put preserves the educational status quo during proceedings and that compensatory education constitutes equitable relief intended to remedy educational deprivation. Counsel acknowledges, however, that Doe arose in the context of stay-put funding violations and did not directly address the precise procedural posture presented in this matter.

36. M.C. ex rel. J.C. v. Central Regional Sch. Dist., 81 F.3d 389 (3d Cir. 1996)

At Pb23-Pb24, counsel cited M.C. ex rel. J.C. v. Central Regional Sch. Dist., 81 F.3d 389 (3d Cir. 1996), regarding compensatory education and the requirement that IDEA programs provide more than de minimis educational benefit. Upon review, the authority substantially supports the propositions that compensatory education is available where an IEP provides only trivial educational advancement and that IDEA requires more than de minimis benefit. Counsel has confirmed the authority exists and generally supports the cited propositions.

---

1  Further investigation suggests the erroneous citation resulted from conflation of multiple Second Circuit COVID/IDEA opinions and a real W.D.N.Y. Depew matter, together with an incorrect reporter reference ('63 F.4th 94') corresponding to an unrelated opinion rather than an actual reported case.

37. D.S. v. Bayonne Bd. of Educ., 602 F.3d 553 (3d Cir. 2010)

At Pb19-Pb20, counsel cited D.S. v. Bayonne Bd. of Educ., 602 F.3d 553 (3d Cir. 2010), regarding the modified de novo standard of review, deference to administrative findings, and IDEA substantive educational benefit standards. Upon review, the authority substantially supports the propositions that district courts apply modified de novo review, must give due weight to administrative findings, and that IDEA requires meaningful educational benefit rather than trivial advancement. Counsel has confirmed the authority exists and generally supports the cited propositions.

38. Bennett v. Kentucky Dep't of Educ., 470 U.S. 656 (1985)

At Pb20, counsel cited Bennett v. Kentucky Dep't of Educ., 470 U.S. 656 (1985), regarding Spending Clause principles and conditions attached to federal educational funding. Upon review, the authority substantially supports the proposition that states accepting federal education funds are bound by the statutory and regulatory conditions attached to those funds. Counsel acknowledges, however, that portions of the brief extended the Spending Clause analysis beyond the precise factual context of Bennett, which involved misuse of federal Title I funds rather than IDEA procedural hearing rights.

39. Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy, 548 U.S. 291 (2006)

At Pb20-Pb21, counsel cited Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy, 548 U.S. 291 (2006), regarding Spending Clause notice principles applicable to IDEA funding statutes. Upon review, the authority substantially supports the proposition that conditions imposed pursuant to Spending Clause legislation must provide clear notice to funding recipients. Counsel acknowledges, however, that Arlington specifically concerned expert-fee reimbursement under IDEA and did not directly address summary dismissal or administrative hearing procedures.

40. Lauren W. v. DeFlaminis, 480 F.3d 259 (3d Cir. 2007)

At Pb21-Pb22, counsel cited Lauren W. v. DeFlaminis, 480 F.3d 259 (3d Cir. 2007), regarding IDEA-related rights, compensatory education, retaliation standards, and procedural protections. Upon review, the authority substantially supports several general IDEA propositions contained in the brief, including FAPE standards and compensatory education principles. Counsel acknowledges, however, that portions of the brief referenced Lauren W. for broader procedural propositions that are not expressly stated in the opinion.

41. Doe v. East Lyme Bd. of Educ., 962 F.3d 649 (2d Cir. 2020)

At Pb22-Pb23, counsel cited Doe v. East Lyme Bd. of Educ., 962 F.3d 649 (2d Cir. 2020), regarding stay-put protections, compensatory education, and equitable relief

under IDEA. Upon review, the authority substantially supports the propositions that stay-put preserves the educational status quo during proceedings and that compensatory education constitutes equitable relief intended to remedy educational deprivation. Counsel acknowledges, however, that Doe arose in the context of stay-put funding violations and did not directly address the precise procedural posture presented in this matter.

## STATUTES, REGULATIONS AND RULES

42. Rule 4:37-2(b)

At Pb27, counsel cited Rule 4:37-2(b) regarding the standard governing involuntary dismissal motions at trial. Upon review, the rule expressly provides that dismissal must be denied where "the evidence, together with the legitimate inferences therefrom, could sustain a judgment in plaintiff's favor." Counsel has confirmed the rule exists and substantially supports the proposition cited in the brief.

43. Rule 4:46-2(c)

At Pb26-Pb27, counsel cited Rule 4:46-2(c) regarding New Jersey summary judgment standards. Upon review, the rule expressly provides that summary judgment shall be granted only where "there is no genuine issue as to any material fact" and where the moving party is entitled to judgment as a matter of law. The rule further provides that courts must consider "all legitimate inferences" in favor of the non-moving party. Counsel has confirmed the rule exists and substantially supports the propositions cited in the brief.

44.   34 C.F.R. §§ 300.507, 300.508, 300.510, and 300.511(a)

At Pb16-Pb17, counsel cited 34 C.F.R. §§ 300.507, 300.508, 300.510, and 300.511(a) regarding IDEA due process complaint procedures, resolution procedures, and hearing rights. Upon review, the cited regulations substantially concern the filing of due process complaints, sufficiency challenges, resolution-session procedures, and timelines governing IDEA hearings. Counsel acknowledges, however, that portions of the brief extrapolated broader limitations upon summary disposition practice than are expressly stated within the regulatory text itself. Counsel further acknowledges that the cited regulations do not expressly state that summary disposition is categorically prohibited absent consent of the parties.

45.   34 C.F.R. §§ 300.508(d), 300.511, and 300.512

At Pb17 and Pb28, counsel cited 34 C.F.R. §§ 300.508(d), 300.511, and 300.512 concerning IDEA hearing procedures and hearing rights. Upon review, the cited regulations substantially concern sufficiency determinations, hearing timelines, and procedural rights afforded during IDEA hearings. Counsel acknowledges, however, that

11

the brief characterized the regulations as imposing broader restrictions upon dismissal practice and summary adjudication than are expressly stated in the regulations themselves.

46.   N.J.A.C. 1:6A-1.1

At Pb17 and Pb26 n.3, counsel cited N.J.A.C. 1:6A-1.1 concerning the relationship between OAL special education procedures and generally applicable OAL procedural rules. Upon review, the regulation substantially supports the proposition that special education due process hearings are governed by both IDEA requirements and applicable OAL procedures unless inconsistent with governing federal or state law. Counsel acknowledges, however, that portions of the brief reflected counsel's interpretation regarding the extent to which general summary decision procedures may apply in IDEA matters.

47.   N.J.A.C. 1:1-1.1

At Pb17 and Pb26 n.3, counsel cited N.J.A.C. 1:1-1.1 regarding the applicability of Uniform Administrative Procedure Rules. Upon review, the regulation substantially supports the proposition that the Uniform Administrative Procedure Rules govern OAL contested cases except where superseded by statute, rule, or other controlling authority. Counsel has confirmed the regulation exists and generally supports the proposition cited in the brief.

48.   N.J.A.C. 1:1-12.5(b)

At Pb26, counsel cited N.J.A.C. 1:1-12.5(b) regarding the standard governing summary decision motions before the Office of Administrative Law. Upon review, the regulation substantially supports the proposition that summary decision may be granted only where no genuine issue of material fact exists and the moving party is entitled to prevail as a matter of law. Counsel acknowledges, however, that portions of the brief argued more broadly that the regulation should not apply in the IDEA context under certain circumstances, which reflected counsel's legal argument and interpretation rather than express language appearing within the regulation itself.

49. 20 U.S.C. § 1415(b)(6)(A)

At Pb16 and Pb14, counsel cited 20 U.S.C. § 1415(b)(6)(A) regarding the right of a party to present a complaint concerning the identification, evaluation, educational placement, or provision of FAPE to a child with disabilities. Upon review, the statute substantially supports the proposition that IDEA provides parents and students the opportunity to present complaints concerning FAPE-related matters and procedural safeguards. Counsel has confirmed the statute exists and generally supports the proposition cited in the brief.

50. 20 U.S.C. § 1415(a)

At Pb17 and related sections discussing IDEA procedural safeguards, counsel cited 20 U.S.C. § 1415(a). Upon review, the statute substantially supports the proposition that states and local educational agencies must establish and maintain procedural safeguards to ensure children with disabilities and their parents are guaranteed rights relating to the provision of FAPE. Counsel acknowledges, however, that portions of the brief reflected counsel's broader interpretation of how those safeguards interact with summary adjudication procedures.

51. 20 U.S.C. § 1415(j)

At Pb23, counsel cited 20 U.S.C. § 1415(j) regarding IDEA "stay-put" protections. Upon review, the statute substantially supports the proposition that during the pendency of IDEA proceedings a child shall remain in his or her then-current educational placement unless the parties otherwise agree. Counsel acknowledges, however, that portions of the brief characterized the statute more broadly concerning fault and parental conduct than the statute expressly states.

52. 20 U.S.C. § 1415(i)(2)(C)(iii)

At Pb18 and related compensatory education sections, counsel cited 20 U.S.C. § 1415(i)(2)(C)(iii) regarding the authority of reviewing courts to grant appropriate relief under IDEA. Upon review, the statute substantially supports the proposition that courts reviewing IDEA matters may grant such relief as the court determines appropriate. Counsel has confirmed the statute exists and generally supports the proposition cited in the brief.

53. 20 U.S.C. § 1415(f)(3)(E)

At Pb24, Pb27, and Pb28, counsel cited 20 U.S.C. § 1415(f)(3)(E) regarding hearing officer determinations and substantive FAPE analysis. Upon review, the statute substantially supports the proposition that hearing officer decisions in IDEA proceedings must address whether a child received a FAPE and that procedural violations warrant relief where they impede the child's right to FAPE, significantly impede parental participation, or cause deprivation of educational benefits. Counsel acknowledges, however, that portions of the brief extrapolated broader obligations concerning mootness analysis and factual findings than are expressly stated in the statutory text.

54. 34 C.F.R. § 300.510

At Pb16 and related sections concerning IDEA resolution procedures, counsel cited 34 C.F.R. § 300.510. Upon review, the regulation substantially concerns mandatory resolution-session procedures following the filing of a due process complaint and the circumstances under which parties may waive or modify those procedures. Counsel

13

acknowledges, however, that portions of the brief extrapolated broader procedural limitations concerning dismissal or summary adjudication than are expressly stated within the regulation itself.

[100] ANALYSIS/STATEMENT

20 U.S.C. § 1415(i)(2)(A)

At Pob-6 and Pob-7, counsel cited 20 U.S.C. § 1415(i)(2)(A) regarding the right of an "aggrieved party" to bring a civil action challenging an IDEA administrative determination. Upon review, the statute expressly authorizes "[a]ny party aggrieved by the findings and decision" rendered in an IDEA due process proceeding to bring a civil action in state or federal court. Counsel has confirmed the statute exists and substantially supports the propositions cited in the brief.

2. N.J.S.A. 18A:46-1.3

At Pob-9 and Pob-10, counsel cited N.J.S.A. 18A:46-1.3 regarding COVID-related compensatory education rights and extended due process filing periods. Upon review, the statute expressly addresses due process hearing rights and compensatory education obligations arising from COVID-19 school closures and remote instruction occurring between March 18, 2020 and September 1, 2021. Counsel has confirmed the statute exists and substantially supports the propositions cited in the brief.

3. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986)

At Pob-11, counsel cited Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986), regarding federal summary judgment standards. Upon review, the authority substantially supports the propositions that summary judgment may only be granted where no genuine dispute of material fact exists and that courts may not weigh evidence or make credibility determinations on summary judgment. Counsel has confirmed the authority exists and generally supports the propositions cited in the brief.

4. Doe v. Abington Friends Sch., 480 F.3d 252 (3d Cir. 2007)

At Pob-11, counsel cited Doe v. Abington Friends Sch., 480 F.3d 252 (3d Cir. 2007), regarding summary judgment standards and the requirement that genuine disputes of material fact preclude summary judgment. Upon review, the authority substantially supports the proposition that summary judgment is improper where a reasonable factfinder could resolve disputed material facts in favor of the non-moving party. Counsel has confirmed the authority exists and generally supports the propositions cited in the brief.

5. G.W. v. Ringwood Bd. of Educ., 2024 U.S. Dist. LEXIS 78400 (D.N.J. Apr. 29, 2024)

At Pob-4 and Pob-7, counsel cited G.W. v. Ringwood Bd. of Educ., 2024 U.S. Dist.

14

LEXIS 78400 (D.N.J. Apr. 29, 2024), regarding dismissal of prior litigation arising from the September 24, 2021 administrative decision. Upon review, the authority exists and substantially supports the proposition that the prior federal action challenged the 2021 administrative decision concerning reevaluation consent and waiver issues. Counsel acknowledges, however, that portions of the brief characterized the scope and implications of the dismissal more broadly than expressly stated within the opinion.

6. Hugh v. Butler Cnty. Fam. YMCA, 418 F.3d 265 (3d Cir. 2005)

At Pob-11, counsel cited Hugh v. Butler Cnty. Fam. YMCA, 418 F.3d 265 (3d Cir. 2005), regarding summary judgment standards. Upon review, the authority substantially supports the propositions that courts must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor when deciding summary judgment motions. Counsel has confirmed the authority exists and generally supports the propositions cited in the brief.

7. L.E. v. Ramsey Bd. of Educ., 435 F.3d 384 (3d Cir. 2006)

At Pob-12, counsel cited L.E. v. Ramsey Bd. of Educ., 435 F.3d 384 (3d Cir. 2006), regarding IDEA modified de novo review standards and deference to administrative findings. Upon review, the authority substantially supports the proposition that district courts reviewing IDEA matters apply a modified de novo standard while giving due weight to factual findings of the administrative tribunal. Counsel has confirmed the authority exists and generally supports the propositions cited in the brief.

8. P.P. ex rel. Michael P. v. West Chester Area Sch. Dist., 585 F.3d 727 (3d Cir. 2009)

At Pob-11, counsel cited P.P. ex rel. Michael P. v. West Chester Area Sch. Dist., 585 F.3d 727 (3d Cir. 2009), regarding IDEA modified de novo review and due-weight principles. Upon review, the authority substantially supports the proposition that district courts reviewing IDEA administrative proceedings apply modified de novo review while giving due weight and deference to administrative findings. Counsel has confirmed the authority exists and generally supports the propositions cited in the brief.

9. S.H. v. State-Operated Sch. Dist. of Newark, 336 F.3d 260 (3d Cir. 2003)

At Pob-6 and Pob-11, counsel cited S.H. v. State-Operated Sch. Dist. of Newark, 336 F.3d 260 (3d Cir. 2003), regarding IDEA modified de novo review and deference to administrative findings. Upon review, the authority substantially supports the proposition that district courts reviewing IDEA matters apply modified de novo review and afford due weight to administrative findings. Counsel acknowledges, however, that the brief's specific characterization that the district court "sits as an appellate tribunal" could not be located verbatim within the opinion and appears to have overstated or paraphrased the decision's language rather than quoted it directly.

15

10. In re M.W. o/b/o K.W. v. Ringwood Bd. of Educ., OAL Dkt. No. EDS 10897-23 (N.J. OAL July 17, 2024)

At Pob-4 and Pob-9, counsel cited In re M.W. o/b/o K.W. v. Ringwood Bd. of Educ., OAL Dkt. No. EDS 10897-23 (N.J. OAL July 17, 2024), regarding the administrative dismissal of petitioners' COVID compensatory education claims. Upon review, the administrative decision exists and reflects that summary decision was granted in favor of the district based upon the prior Tiscornia/Semper proceedings and petitioners' continuing refusal to consent to reevaluation. Counsel acknowledges, however, that portions of the brief characterized the legal effect and scope of the administrative ruling more broadly than expressly stated in the decision itself.

11. M.H. v. New York City Dep't of Educ., 712 F. Supp. 2d 125 (S.D.N.Y. 2010)

At Pob-7, counsel cited M.H. v. New York City Dep't of Educ., 712 F. Supp. 2d 125 (S.D.N.Y. 2010), regarding IDEA administrative review standards and burdens in IDEA civil actions. Upon review, the authority exists and substantially supports propositions concerning modified de novo review, due weight to administrative proceedings, and judicial review of IDEA administrative determinations. Counsel acknowledges, however, that the precise quoted language referenced in the brief concerning which party "bears the burden of persuasion and files first" could not be located verbatim within the opinion and appears to have overstated or paraphrased the authority rather than quoted it directly.

12. J.L. v. Mercer Island Sch. Dist., 592 F.3d 938 (9th Cir. 2010)

At Pob-7, counsel cited J.L. v. Mercer Island Sch. Dist., 592 F.3d 938 (9th Cir. 2010), regarding appellate review principles in IDEA litigation. Upon review, the authority exists and substantially addresses IDEA standards of review, exhaustion principles, and judicial review of administrative proceedings. Counsel acknowledges, however, that the specific proposition cited in the brief regarding an appellee defending a judgment without seeking affirmative relief absent cross-appeal could not be located within the opinion and was not supported by the cited authority.

13. D.A. v. Pleasantville Sch. Dist., 2008 U.S. Dist. LEXIS 49941 (D.N.J. June 30, 2008)

At Pob-7, counsel cited D.A. v. Pleasantville Sch. Dist., 2008 U.S. Dist. LEXIS 49941 (D.N.J. June 30, 2008), regarding IDEA exhaustion and aggrieved-party principles. Upon review, the authority exists and substantially discusses IDEA exhaustion requirements, due process procedures, and civil actions brought following administrative proceedings. Counsel acknowledges, however, that the specific quotation cited in the brief referring to "the aggrieved parties" could not be located verbatim within the opinion and appears to have been inaccurately paraphrased or miscited.

16

14.Capistrano Unified Sch. Dist. v. Wartenberg, 59 F.3d 884 (9th Cir. 1995)

At Pob-7, counsel cited Capistrano Unified Sch. Dist. v. Wartenberg, 59 F.3d 884 (9th Cir. 1995), regarding standards of review and IDEA reimbursement litigation. Upon review, the authority exists and substantially discusses judicial review of IDEA administrative determinations, deference principles, and reimbursement standards. Counsel acknowledges, however, that the specific proposition cited in the brief concerning limitations on affirmative relief absent cross-appeal could not be located within the opinion and was not supported by the cited authority.